FILED
United States Court of Appeals
Tenth Circuit

February 6, 2014

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CITY CENTER WEST, LP, a Colorado limited partnership,

    Plaintiff - Appellant,

v.

AMERICAN MODERN HOME INSURANCE COMPANY, an Ohio corporation,

    Defendant - Appellee.

No. 12-1343

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:12-CV-01370-RPM)**

---

Adam F. Aldrich (Kenneth R. Bennington with him on the briefs), Bennington Johnson Biermann & Craigmile, LLC, Denver, Colorado for Plaintiff - Appellant.

Christopher J. Shannon (Patrick Q. Hustead with him on the brief), The Hustead Law Firm, Denver, Colorado, for Defendant - Appellee.

---

Before **HARTZ, HOLLOWAY,** and **HOLMES,** Circuit Judges.

---

**HARTZ,** Circuit Judge.

A bank obtained insurance on a commercial property mortgaged to it by a borrower. The policy prohibited an assignment "of this Policy" without the insurer's consent. J. App. at 36. But after the property was damaged, the bank assigned its loss claim to the borrower. The insurer refused to pay the borrower's claim because of the nonassignment provision, and the borrower sued. The district court held that the suit was barred and awarded judgment for the insurer. On appeal the parties primarily argue about whether a provision prohibiting assignment of postloss claims is enforceable. In our view, however, the provision here does not apply to the assignment of a postloss claim, so we do not need to determine the enforceability of a provision prohibiting such assignments. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings.

**I.     BACKGROUND**

City Center West LP (City Center), a Colorado limited partnership, owned a commercial property in Greeley, Colorado, subject to a mortgage held by Summit Bank & Trust (Summit Bank). When Summit Bank learned that City Center had failed to insure the property, the bank's parent company, Heartland Financial USA, Inc. (Heartland Financial), obtained coverage for the property through its blanket insurance policy (the Policy) with American Modern Home Insurance Company (American Modern), an Ohio corporation. The Policy identified Heartland Financial and its branches, including Summit Bank, as the "Named Insured Mortgagee." J. App. at 56. It provided that losses be paid to the Named Insured Mortgagee to the extent of its interest

2

and that any benefits payable in excess of that interest "shall be paid to the mortgagor" (which was City Center). *Id.* at 30. Liability was limited to the interest in the property of the mortgagee and the mortgagor. The Policy was excess insurance—that is, it paid out only if there was no other insurance policy that would cover the claim. It included a nonassignment provision that stated: "Assignment of this Policy shall not be valid unless we [American Modern] give our written consent." *Id.* at 36.

On September 23, 2011, the property was damaged by vandalism and a burglary. City Center estimated that the cost of repair would exceed $3.5 million. On October 10, City Center notified American Modern of the loss; and four months later it requested payment. American Modern refused to pay the amount requested, but tendered a $321,069 check to Summit Bank. (The record does not indicate the rationale for that amount.) On May 7, 2012, Heartland Financial and Summit Bank assigned to City Center all their rights with respect to the claim. American Modern never consented to the assignment. On May 25, City Center filed its complaint against American Modern in the United States District Court for the District of Colorado. It asserted claims for bad-faith breach of insurance contract, breach of contract, and violations of Colorado insurance statutes. American Modern filed a motion to dismiss on the grounds that the assignment to City Center was prohibited by the Policy's nonassignment provision and City Center was not a third-party beneficiary. The district court granted the motion.

## II.     DISCUSSION

We review de novo a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6). *See Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011). The parties agree that Colorado law applies to the interpretation of the insurance contract in this diversity case. In Colorado an insurance policy's terms are construed "according to principles of contract interpretation." *Thompson v. Md. Cas. Co.*, 84 P.3d 496, 501 (Colo. 2004). The terms in the policy "should be assigned their plain and ordinary meaning" so that we "give effect to the intent and reasonable expectations of the parties." *Id.* A court should not employ "a strained construction" to change the effect of unambiguous language. *Parrish Chiropractic Ctrs., P.C. v. Progressive Cas. Ins. Co.*, 874 P.2d 1049, 1055 (Colo. 1994). "[A]mbiguous terms," however, "are construed against the insurer." *Thompson*, 84 P.3d at 502.

The issue before us is whether the Policy's restriction on assignment of "this Policy" forbids the assignment of a postloss claim under the Policy. It is undisputed that the entire policy was not assigned to City Center. Perhaps the nonassignment provision could preclude assignments of divisible portions of the Policy—such as coverage with respect to one particular piece of property or one particular mortgagor; after all, the Policy was a blanket policy that substituted for individual policies for particular banks, particular mortgagors, and particular pieces of property. But that was not the type of assignment to City Center. The assignment was only the assignment of one claim for a

4

specific piece of property. Any other claims regarding the property still belonged to Heartland Financial and Summit Bank.

We do not agree with American Modern that the nonassignment provision precludes the assignment of a postloss claim under the Policy. American Modern argues that the term *Policy* necessarily captures any rights that "flow directly from the policy and would not exist absent the policy." Aplee. Br. at 8–9. But the weight of authority is that assignment of a postloss claim under an insurance policy is not an assignment of the policy. A leading treatise states: "[T]he great majority of courts adhere to the rule that general stipulations in policies prohibiting assignments of the policy, except with the consent of the insurer, apply only to assignments before loss, and do not prevent an assignment after loss . . . ." 3 Steven Plitt et al., *Couch on Insurance* § 35:8 (3d ed. 2013); *see, e.g.*, *In re Katrina Canal Breaches Litig.*, 63 So. 3d 955, 963 (La. 2011) ("Post-loss assignment of claims arising under the policy is not equivalent to the assignment of the policy itself . . . ."); *Windey v. N. Star Farmers Mut. Ins. Co.*, 43 N.W.2d 99, 102 (Minn. 1950) ("Assignment, after loss, of the proceeds of insurance does not constitute an assignment of the policy, but only of a claim or right of action on the policy."). Indeed, American Modern cites no case to the contrary, and we have found none.[1]

---

[1] *Couch on Insurance* cites as contrary authority a case in which a court enforced a nonassignment provision against a postloss claim when the provision said, "any assignment of this policy *or of any of the benefits thereunder* shall be void and of no

Continued . . .

5

Of particular importance, Colorado has recognized that there is a difference between an assignment of a contract and an assignment of a claim under a contract. Long ago, in *Metropolitan Life Ins. Co. v. Lanigan*, 222 P. 402, 403 (Colo. 1924), the state supreme court held that the assignment of a claim for benefits under a life-insurance policy after the insured's death did not forfeit the coverage despite a prohibition on assignment of the policy.[2] And more recently that court, in considering the validity of an assignment of payment owed under a contract, wrote, "Under the law of assignments, it is a well settled principle that the right to receive money due or to become due under an existing contract may be assigned even though the contract itself may not be assignable." *Farmers Acceptance Corp. v. DeLozier*, 496 P.2d 1016, 1017 (Colo. 1972); *see Interbank Invs., LLC v. Vail Valley Consol. Water Dist.*, 12 P.3d 1224, 1228 (Colo. App. 2000) (following *Farmers Acceptance*). The distinction between assigning a contract and assigning a claim for money due under that contract has particular force in the insurance context. There is very good reason to forbid preloss assignment of a policy, because the insurer's risk can be greatly altered by a change in the insured. There is ordinarily no

---

effect." *Tyler v. Nat'l Life & Accident Ins. Co.*, 172 S.E. 747 (Ga. Ct. App. 1934) (emphasis added) (internal quotation marks omitted); *see* 3 Steven Plitt et al., *Couch on Insurance* § 35:8. The case is not truly contrary because the nonassignment provision included more than a general prohibition against assigning the policy; it explicitly prohibited assigning *benefits* under the policy.

[2] The decision in *Parrish* did not overrule *Lanigan* in this respect. *See Parrish*, 874 P.2d at 1055 n.8.

6

such change in risk once the loss has occurred. That context must be considered in interpreting the nonassignment clause.

Moreover, even if it were ambiguous whether the nonassignment provision precluded assignment of a postloss claim, "ambiguous terms in an insurance policy are construed against the insurer." *Thompson*, 84 P.3d at 502. It is "incumbent on insurers to include clear and unambiguous language in their policies" if they intend to prohibit postloss assignments. *In re Katrina Canal Breaches Litig.*, 63 So. 3d at 963. American Modern's policy could have barred assignment of postloss claims by simply saying that such assignments were barred. Or, at least in Colorado, it could have used more general language. For example, the Colorado Supreme Court has held that a provision stating that "[i]nterest in this policy may not be assigned without our written consent" prohibited postloss assignment of a claim for medical care under a no-fault automobile policy. *Parrish*, 874 P.2d at 1051 (emphasis and internal quotation marks omitted). But American Modern did not use such language and we will not give the language it did use "a strained construction" to broaden its effect. *Id.* at 1055. We can leave for another day, and likely another court, whether a provision barring assignment of a postloss claim in commercial-property coverage is enforceable or contrary to Colorado public policy.

### III. CONCLUSION

We REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

7

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

February 06, 2014

Douglas E. Cressler
Chief Deputy Clerk

Mr. Adam Frederick Aldrich
Mr. Kenneth R. Bennington
Bennington, Johnson, Biermann & Craigmile
370 17th Street, Suite 3500
Denver, CO 80202-0000

RE:  12-1343, City Center West v. American Modern Home Insurance
     Dist/Ag docket: 1:12-CV-01370-RPM

Dear Counsel:

Enclosed is a copy of the opinion of the court issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 12 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R. 35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc: Patrick Hustead
Christopher J. Shannon

EAS/kf